# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THE FIDELITY LAND TRUST COMPANY, LLC,**

                         **Plaintiff,**

**v.**                                        **Case No:  6:12-cv-1678-Orl-31TBS**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and SECURITYNATIONAL MORTGAGE COMPANY,**

                         **Defendants.**

_____

## ORDER

This cause comes before the Court on the Motion for Sanctions (Doc. 21) filed by Defendant Security National Mortgage Company ("Security National"); the response (Doc. 32) filed by the Plaintiff Fidelity Land Trust Company, LLC, ("Fidelity"); and Defendant's reply (Doc. 35).

## I.    Background

Plaintiff initiated this quiet title suit in state court on March 2, 2012, it was removed on November 7, 2012.[1] It is one of many similar suits across the state that seeks to cancel a valid mortgage on the basis that unrecorded assignments of that mortgage are ineffectual against a subsequent purchaser for value. (*See* Doc. 2 at 4). This Court has previously rejected the argument as frivolous. *See, e.g., Fidelity Land Trust Co. v. Mortgage Electronic Registration Systems, Inc.,* No. 56:12-cv-1367-Orl-37TBS, 2012 WL 6720994, at *4-5 (M.D. Fla. Dec. 27, 2012); *Fidelity*

_____

[1] According to the Notice of Removal (Doc. 1) the case did not become removable until October 8, 2012 when Defendant was properly served.

*Land Trust Co. v. Centex Home Equity Co., LLC*, No. 8:12-cv-2309, 2012 WL 5383092 at *1 (M.D. Fla. Nov. 2, 2012). Moreover, there is evidence that this suit is part of a scheme to defraud, *inter alia*, borrowers on the verge of foreclosure into deeding their property to Fidelity in the hopes of cancelling their mortgages.

In this case, the borrowers executed a mortgage on January 13, 2011 in favor of Security National—it was subsequently recorded on January 20, 2011. The mortgage secures a $214,353.00 promissory note payable to Security National encumbering property in Seminole County Florida. Thereafter, Security National assigned the mortgage to a third party, the assignment was not recorded. On January 25, 2012, the borrowers conveyed title to a land trust managed by Fidelity and recorded February 2, 2012—the borrowers were the sole beneficiaries. According to the Motion, the borrowers "deeded the encumbered property to a land trust for the sole purpose of bringing suit to quiet title and invalidate the mortgage." (Doc. 21). Fidelity argued, and currently maintains, that unrecorded assignments of the mortgage are unenforceable against the trust.

After this suit was filed, Security National sent a formal notice to Plaintiff's counsel, Peter J. Bowers ("Bowers"), pursuant to section 57.105, Florida Statutes, on October 22, 2012, of its intent to seek sanctions if the Amended Complaint was not withdrawn within twenty-one days. (Doc. 21-1). Bowers failed to respond, so Security National filed the instant motion for sanctions on December 12, 2012, seeking to recover its attorney's fees in defending this frivolous action.

## II.    Standard

Section 57.105, Florida Statutes, provides in pertinent part,

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the

court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

    (a)    Was not supported by the material facts necessary to establish the claim or defense; or

    (b)    Would not be supported by the application of then-existing law to those material facts.

(2) At any time in any civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, but not limited to, the filing of any pleading or part thereof, the assertion of or response to any discovery demand, the assertion of any claim or defense, or the response to any request by any other party, was taken primarily for the purpose of unreasonable delay, the court shall award damages to the moving party for its reasonable expenses incurred in obtaining the order, which may include attorney's fees, and other loss resulting from the improper delay.

Fla. Stat. § 57.105. "Attorney's fees pursuant to Florida Statute § 57.105 may be awarded to the prevailing party in a suit brought in federal court." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1478 n.11 (11th Cir. 1992) (citing *Capital Factors, Inc. v. Heller Fin., Inc.,* 712 F.Supp. 908, 914 (S.D.Fla.1989)). The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party. *Concrete & Lumber Enterprises Corp. v. Guar. Bus. Credit Corp.*, 829 So. 2d 247, 248 (3d DCA 2002) (citing *Thornber v. City of Fort Walton Beach,* 568 So.2d 914, 919 (Fla .1990)).

## III.   Analysis

The Amended Complaint contains four counts, each are frivolous. Count I seeks to "discharge unrecorded interests pursuant to Florida Statutes § 695.01." (Doc. 2). Section 695.01 provides that "[n]o conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against

creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law." Discussing section 695.01 more than one hundred years ago, the Florida Supreme Court noted, "[a]n assignment of a mortgage lien is not 'a conveyance' or a 'transfer' of 'any interest' in land covered by the mortgage, but is only an assignment or transfer of the lien created by the mortgage." *Garrett v. Fernauld*, 63 Fla. 434, 437, 57 So. 671, 672 (1912). Accordingly, Plaintiff's argument in this regard is frivolous. *See also*, *Fidelity Land Trust Co. v. Centex Home Equity Co., LLC*, No. 8:12-cv-2309, 2012 WL 5383092 at *1 (M.D. Fla. Nov. 2, 2012).

Similarly, Count II attempts to state a claim for "discharge of unrecorded assignments pursuant to Florida Statutes § 701.02." Section 701.02 provides that "[a]n assignment of a mortgage upon real property or of any interest therein, is not good or effectual in law or equity, against creditors or subsequent purchasers, for a valuable consideration, and without notice, unless the assignment is contained in a document that, in its title, indicates an assignment of mortgage and is recorded according to law." Fla. Stat. § 701.02(1). As this Court recently noted, however, "the failure to record an assignment of mortgage provides no basis to discharge the assignment under Fla. Stat. § 701.02. Simply put, that statute does not apply to purchasers who take title to real property subject to a recorded mortgage." *Centex Home Equity Co*., 2012 WL 5383092 at *1. (citing *In re Halabi,* 184 F.3d 1335, 1338 (11th Cir. 1999)).[2]

Count III seeks largely the same relief as above, but cites section 48.23, Florida Statutes, which provides that "[a]ny person acquiring for value an interest in the real or personal property

---

[2] Plaintiff's arguments in response are frivolous. *Am. Bank of the S. v. Rothenberg*, for example, does not provide support for Plaintiff's position. 598 So. 2d 289 (Fla. 5th DCA 1992) ("We agree with American Bank's argument that the unrecorded assignment of a promissory note and mortgage, coupled with delivery of the original promissory note, allows the original assignee to prevail *over a subsequent assignee of the mortgage* who receives only a copy of the note." (emphasis added)).

during the pendency of an action . . . shall take such interest exempt from all claims against the property that were filed in such action by the party who failed to record a notice of lis pendens . . ." Fla. Stat. § 48.23. This statute, however, does not apply to a mortgage filed prior to the filing of a *lis pendens, Centex Home Equity Co*., 2012 WL 5383092 at *1, and the 30 day intervention requirement in subsection (1)(d) only applies where the proceeding will be prosecuted to a judicial sale—that is not the case here. Plaintiff's last Count seeks to quiet title pursuant to section 65.021, Florida Statutes. This argument is based on the viability of the previous three, and is therefore also frivolous. *Id*.

Beyond being objectively frivolous, there is evidence that this suit was filed in bad faith. Fidelity has filed numerous similar suits across this district; at least two resulted in dismissal and possible sanctions. *Centex Home Equity Co*., 2012 WL 5383092; *Fidelity Land Trust Co. v. Mortgage Electronic Registration Systems, Inc.,* No. 56:12-cv-1367-Orl-37TBS, 2012 WL 6720994, at *4-5 (M.D. Fla. Dec. 27, 2012). Moreover, Fidelity is the subject of a lawsuit filed by the Florida Attorney General's Office regarding its allegedly fraudulent litigation tactics and currently enjoined from filing any "mortgage related" suits. (*See* Doc. 9).

Despite this sordid history and case law directly contrary to his position, Bowers maintains that the Complaint is not frivolous. He supports this contention with more frivolous arguments already rejected by this Court. *See Centex Home Equity Co*., 2012 WL 5383092; *Fidelity Land Trust Co. v. Mortgage Electronic Registration Systems, Inc.,* No. 56:12-cv-1367-Orl-37TBS, 2012 WL 6720994, at *4-5 (M.D. Fla. Dec. 27, 2012). Defendant points out, "Plaintiff purchased the subject property with actual notice of the mortgage lien and its assignment . . . [and] does not allege that a satisfaction or release of said mortgage had been publically recorded." These facts

completely foreclose Plaintiff's claims in this lawsuit. As Judge Dalton noted in a substantially similar case also involving this Plaintiff,

> Plaintiff is aware that its claims have no merit. Its business model, however, does not rely on the ability to prevail on the merits. Rather, Plaintiff appears to be in the business of delaying lawful foreclosures. The courts are not to be used to delay, deny, or frustrate just claims, and they are not to be used as a cog in a litigant's business model. Litigants who pursue meritless claims should be sanctioned, if only to ensure that the burden of their contemptuous behavior is borne by themselves alone.

*Fidelity Land Trust Co. v. Mortgage Electronic Registration Systems, Inc.,* No. 56:12-cv-1367-Orl-37TBS, No. 2012 WL 6720992 at *1 (M.D. Fla. Dec. 27, 2012).

It is therefore,

**ORDERED** that Defendant's Motion for Sanctions (Doc. 21) is **GRANTED**. Defendant shall file a bill of costs and attorney's fees expended in defending this case by no later than February 22, 2013. Plaintiff may file any objections by March 8, 2013.

**DONE** and **ORDERED** in Orlando, Florida on February 11, 2013.

         **GREGORY A. PRESNELL**
         **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties